NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4695-15T3

HAFIZ JOSEY,

 Appellant,

v.

NEW JERSEY STATE PAROLE BOARD,

 Respondent.

________________________________

 Submitted July 11, 2017 – Decided October 12, 2017

 Before Judges Nugent and Accurso.

 On appeal from the New Jersey State Parole
 Board.

 Hafiz Josey, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Lisa A. Puglisi,
 Assistant Attorney General, of counsel;
 Gregory R. Bueno, Deputy Attorney General, on
 the brief).

PER CURIAM

 Plaintiff Hafiz Josey appeals from a May 18, 2016 final

administrative decision of the New Jersey State Parole Board
("Board") revoking his parole and imposing a thirteen-month Future

Eligibility Term ("FET"). We affirm.

 In 2008, defendant pleaded guilty to first-degree robbery,

N.J.S.A. 2C:15-1, and second-degree aggravated assault, N.J.S.A.

2C:12-1(b)(1). A judge sentenced defendant on the robbery offense

to a twelve-year custodial term, eighty-five percent to be served

without parole as required by the No Early Release Act (NERA),

N.J.S.A. 2C:43-7.2. The court also imposed a term of five years

parole supervision upon defendant's release from prison as

required by NERA. For the aggravated assault offense, the judge

sentenced defendant to a concurrent six-year term subject to NERA.

 When defendant was released from prison he was informed of

the conditions of his mandatory five-year period of parole

supervision. Among other conditions, defendant was to refrain

from possessing a firearm. In addition, he was "to have no contact

with any person known by [him] to be a member of the Bloods,

without the knowledge and approval of [his] Parole Officer. [He

was required] to report any incidental contact with any member of

the aforementioned gang(s) to [his] Parole Officer within [twenty-

four] hours."

 Nine months after defendant began his five-year term of

mandatory parole supervision, a police officer stopped a vehicle

occupied by defendant and three others, two of whom were known

 2 A-4695-15T3
Bloods. While speaking with defendant at the back car window, the

officer noticed the smell of burnt marijuana. During an ensuing

search, officers found in the vehicle's trunk a bag containing a

revolver, a "neck gaiter" - a garment used to cover the lower

half of the face – eight hollow-point rounds of .38 special

ammunition, and two rounds of .38 special full metal jacket

ammunition. Officers found beneath the front passenger seat a 9mm

SCCY handgun loaded with five rounds of ammunition. Defendant had

been sitting directly behind the front passenger seat.

 The vehicle's occupants were also searched. Defendant had

"numerous bundles of cash in several of his pants pockets."

Another occupant had a waist pack that contained numerous bundles

of cash of different amounts and denominations. The waist pack

also contained a smart cellular phone and a flip cellular phone.

 The police arrested the vehicle's occupants. Following

defendant's arrest, the Board issued an arrest warrant and

initiated parole revocation proceedings. A senior parole officer

and the municipal police officer who executed the motor vehicle

stop testified at the violation hearing. Defendant also testified.

 The parole officer recounted defendant's criminal history,

provided an overview of the charges and violations, and testified

defendant's parole should be revoked due to his serious violations

of parole conditions and the risk he presented to the community.

 3 A-4695-15T3
The municipal police officer recounted the circumstances of the

motor vehicle stop, the search, and defendant's arrest. During

cross-examination by defendant's attorney, the officer said he was

unaware of statements allegedly made by the vehicle's driver that

the driver was accepting ownership of the firearms the police

found during their search of the vehicle and its trunk.

 Defendant testified and admitted entering the automobile. He

claimed his presence would have been for a short period of time

and his purpose was to get a ride to his mother's residence. He

said he was unaware of the handgun beneath the front seat. He

first became aware of the gun when police recovered it during

their search. He also testified he attempted to contact his parole

officer the following day to explain the situation.

 Defendant's counsel argued the charged violations –

possessing a firearm and having contact with members of the Bloods

— had not been sustained. Although acknowledging defendant had

entered the vehicle with neighborhood associates, counsel asserted

defendant had done so solely for the purpose of transportation and

no "nefarious activity was afoot."

 The hearing officer determined the charged violations had

been sustained by clear and convincing evidence. Acknowledging

defendant did not physically possess the gun beneath the front

passenger seat, the parole officer nonetheless found defendant

 4 A-4695-15T3
constructively possessed the weapon, because the circumstantial

evidence "permit[ed] a reasonable inference [defendant] had

knowledge of its presence and had the capacity to exercise control

over it." The hearing officer also noted defendant did not dispute

being in the presence of the other Bloods members. The hearing

officer recommended revocation of defendant's parole supervision

and a thirteen-month FET.

 Defendant filed exceptions to the hearing officer's

recommendation. A two-member Board Panel reviewed and affirmed

the hearing officer's decision. Defendant filed an administrative

appeal. Before the Board issued its decision, the weapons charges

pending against defendant as the result of his arrest during the

motor vehicle stop were dismissed. On May 18, 2016, the Board

issued its final agency decision. The Board upheld the

determination defendant had seriously violated the conditions of

his parole supervision, affirmed the panel's decision to revoke

defendant's parole, and upheld the thirteen-month FET. This appeal

followed.

 On appeal, defendant argues:

 POINT I

 THE BOARD['S] DECISION TO REVOKE THE
 PAROLEE['S] PAROLE FOR VIOLATING CONDITION #8
 OF HIS MANDATORY PAROLE SUPERVISION, (TO
 REFRAIN FROM OWING [SIC] OR POSSESSING A
 FIREARM) WHICH STEMS FROM HIS ARREST ON JUNE

 5 A-4695-15T3
 25, 2015, VIOLATE[S] N.J.S.A. 30:4-123.60 (B)
 AND THAT SINCE THE CHARGES FOR POSSESSION OF
 THE WEAPONS HAVE BEEN DISMISSED AGAINST HIM
 HIS VIOLATION OF PAROLE ON CONDITION #8 MUST
 BE REINSTATED.

 POINT II

 THE APPELLANT['S] PAROLE FOR VIOLATING THE
 CONDITION FOR (GRASP) MUST BE REINSTATED ON
 THE GROUNDS THAT HE MET THE 24 HOUR NOTICE
 REQUIREMENT OF THE (GRASP) CONTRACT WHEN HE
 TEXTED HIS PAROLE COUNSEL TO INFORM HIM ABOUT
 THE INCIDENTAL CONTRACT [SIC] WITH OTHER GANG
 MEMBERS.

 POINT III

 SINCE THE ABOUT [SIC] ERROR PLACES AN
 UNCONSTITUTIONAL RESTRAINT ON APPELLANT['S]
 LIBERTY TO BE RETURN [SIC] BACK TO SOCIETY
 THIS COURT MUST ACT WITH URGENCY TO PREVENT
 FURTHER HARM TO HIS RIGHTS UNDER DUE PROCESS
 OF LAW (not raised below).

 We affirm, substantially for the reasons expressed by the

Board. The Board's final decision is supported by sufficient

credible evidence on the record as a whole, and defendant's

arguments to the contrary are without sufficient merit to warrant

discussion in a written opinion. R. 2:11-3(e)(1)(D) & (E).

 Affirmed.

 6 A-4695-15T3